146 So. 536

COMMERCIAL CREDIT CO. v. LAMKIN.

6 Div. 397.

Court of Appeals of Alabama.

Feb. 28, 1933.

C. H. Peay and W. K. Terry, both of Birmingham, for appellant.

Patrick & Applebaum and Ingram Beasley, all of Birmingham, for appellee.

Brief did not reach the Reporter.

SAMFORD, Judge.

The plaintiff claimed on a promissory note executed by defendant and payable to plaintiff on which there was due, according to the proof, $167. The plea was in short by consent, with leave to give in evidence any matter of defense as if the same had been specially pleaded.

The plaintiff introduced in evidence the note sued on and testimony tending to prove the amount due. This proof was not denied.

It was developed by the evidence that the consideration of the note was the balance due on the purchase money for an automobile sold and delivered by plaintiff to defendant, and that the note had never been paid.

The sole and only defense offered by defendant was the statement of defendant as a witness in his own behalf as follows: "The agent for plaintiff, J. F. Darden, at the time the sale was made promised to have the tappets on the car fixed, and that he, Lankin, had tried to get him to fix it and that he never had fixed it."

This testimony was objected to by plaintiff, but after the testimony was given, and no motion was made to exclude it, so that on the admission of this testimony the question sought to be presented is not properly presented for review.

On this state of the evidence the court charged the jury: "The plaintiff introducing in evidence the promissory note makes out a prima facie case for the plaintiff, and at that stage of the proceeding the plaintiff is entitled to recover of the defendant for the amount sued for, unless you are further reasonably satisfied from the evidence as to the truth of the defendant's special plea of deceit or fraud, the burden being on the defendant to prove to your reasonable satisfaction such facts from which it can be fairly inferred as to the truth of the special plea of deceit or fraud.

In that event, if the defendant does so reasonably satisfy you from the evidence of the truth of his special plea of deceit or fraud, then the plaintiff would not be entitled to recover of the defendant."

The plaintiff excepted to that part of the charge as follows: "Unless you are further reasonably satisfied from the evidence as to the truth of the defendant's special plea of deceit or fraud, the burden being on the defendant to prove to your reasonable satisfaction such facts from which it can be fairly inferred as to the truth of the special plea of deceit or fraud. In that event, if the defendant does so reasonably satisfy you from the evidence of the truth of his special plea of deceit or fraud, then the plaintiff would not be entitled to recover of the defendant."

Whatever may be defendant's rights by reason of a partial failure of the consideration, when properly proven, it is not by reason of fraud in the sale of the automobile. Under the broad issues that may be presented under the plea here interposed, evidence of fraud or deceit is admissible; but if there is no such evidence the court is in error to submit such questions to the jury.

At most the evidence on the part of defendant discloses a promise on the part of plaintiff's agent to adjust the tappets on the car, which promise, even if found to be true, does not even remotely tend to prove fraud or deceit.

The court was in error in the excerpt excepted to, and on the whole evidence as here presented the plaintiff was entitled to the general charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.